**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca Brown, | No. CV-19-00025-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Life Insurance Company of North America a/k/a CIGNA Group Insurance, | |
| Defendants. | |

This is the third action brought by Plaintiff Rebecca Brown against Defendant Life Insurance Company of North America (LINA) to enforce benefits under a long term disability (LTD) policy. In this complaint, Brown seeks declaratory relief and a determination that LINA incorrectly calculated the Cost of Living Adjustment (COLA) benefits owed to Brown pursuant to the LTD policy.[1] (Doc. 8, ¶ 52).

LINA has filed a Motion to Dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. (Doc. 10). LINA argues that (1) Brown's action is time barred and (2) the LTD policy language unambiguously supports LINA's COLA calculation. (Doc. 10). Because the Court concludes that LINA properly calculated the COLA benefit pursuant to the policy, the Court will grant LINA's motion and dismiss this

---

[1] The factual background and procedural history of this case is set forth in *Brown v. Life Ins. Co. of N. Am.*, No. CV-16-00162-TUC-JAS, 2018 U.S. Dist. LEXIS 9759, at *3-5 (D. Ariz. Jan. 18, 2018). Brown also challenged LINA's method of calculating the COLA benefit in *Brown 2*, but the court did not consider the argument on the merits, concluding Brown had failed to exhaust her administrative remedies. (Doc. 8 at 7, ¶ 30). Brown subsequently exhausted her remedies, and the issue is ripe for consideration. (Doc. 8, ¶¶ 31 & 32).

action.[2]

**APPLICABLE LAW**

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisttreri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotations omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). When assessing the sufficiency of the complaint, all well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party, *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018), and all reasonable inferences are to be drawn in favor of that party as well. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

LINA has attached several documents as exhibits to its Motion. "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. . . . [A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 576, 763 (9th Cir. 2007) (citations and internal quotations omitted). The First Amended Complaint relies on the LTD insurance

---

[2] In light of this conclusion, the Court does not address LINA's statute of limitations argument.

policy and challenges the interpretation of the provisions of that policy. (Doc. 10-3). Therefore, the Court will consider the policy and does not convert LINA's motion to dismiss into a motion for summary judgment. The Court will not consider the other exhibits attached to LINA's Motion (Docs. 10-1 & 10-2), because they are not necessary to the Court's determination.

**DISCUSSION**

The parties agree that the LTD policy provides for a COLA benefit. The parties disagree as to whether the COLA benefit applies to the net disability benefit or to the entire monthly gross disability benefit *before* applying the offset for "other income" from Social Security Disability Insurance or other sources. (Doc. 8, ¶ 43). LINA has applied the policy's COLA benefit to Brown's net disability benefit. Brown asserts that LINA should have applied the COLA to her gross monthly benefit. The Court concludes there is no ambiguity in the policy, and under the policy terms, LINA has correctly applied the COLA.

**I. The policy is unambiguous and LINA's interpretation of the policy is correct.**

Insurance policies regulated by ERISA are interpreted by applying the federal common law. *Williams v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 792 F.3d 1136, 1140 (9th Cir. 2015) (internal citations omitted). Policy terms are interpreted based on the plain meaning of the words, *e.g.*, *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1441 (9th Cir. 1990), and "ambiguities are construed against the insurer and in favor of the insured." *McClure v. Life Ins. Co. of N. Am.*, 84 F.3d 1129, 1134 (9th Cir. 1996) (internal citations omitted).

Whether an ambiguity exists in a contract is a matter of law. *State Farm Mut. Auto. Ins. Co. v. Fernandez*, 767 F.2d 1299, 1301 (9th Cir. 1985). An ambiguity exists if a term is subject to more than one reasonable interpretation. *McDaniel v. Chevron Corp.*, 203 F.3d 1099 (9th Cir. 2000). However, courts "will not artificially create ambiguity where none exists . . . . If a reasonable interpretation favors the insurer and any other interpretation would be strained, no compulsion exists to torture or twist the language of the policy."

*Evans*, 916 F.2d at 1441 (internal quotations and citations omitted). Further, specific terms in a contract govern interpretation over general terms. *Idaho v. Shoshone-Bannock Tribes*, 465 F.3d 1095, 1099 (9th Cir. 2006).

The only reasonable interpretation of the LTD policy is that the COLA benefit is applied to the net disability benefit as LINA asserts. There is no ambiguity in the policy provisions. The policy provides that the COLA benefit is applied to "an Employee's Disability Benefit." In describing the COLA benefit, the policy states:

> Each year the Insurance Company will increase an **Employee's Disability Benefit** after he or she has been continuously Disabled for the COLA Benefit Waiting period. The increase will be the lesser of the annual increase in the Consumer Price Index (CPI-W) during the preceding calendar year or the COLA Increase shown in the Schedule of Benefits.

(Doc. 10-3 at 16 (emphasis added)). The policy describes the Disability Benefit calculation in the Schedule of Benefits, and the disability benefit calculation requires offsets for other income. The "Disability Benefit Calculation" provides:

> **The Disability Benefit payable to the Employee is figured using the Gross Disability Benefit, Other Income Benefits and the Return to Work Incentive.** Monthly Benefits are based on a 30-day month. The Disability Benefit will be prorated if payable for any period less than a month. **During any month the Employee has no Disability Earnings, the monthly benefit payable is the Gross Disability Benefit <u>less Other Income Benefits</u>.**

(Doc. 10-3 at 7 (emphasis added)). The "**Gross Disability Benefit**" is defined, without reference to offsets, as: "The lesser of 60% of an employee's monthly Covered Earnings rounded to the nearest dollar or the Maximum Disability Benefit." (Doc. 10-3 at 7).

Brown's primary argument seems to be that the text describing the "Disability Benefit Calculation" fails to provide any guidance about whether the COLA multiplication and enhancement comes before or after other income offset diminution of the benefit. (Doc. 16 at 7). Brown asserts that "[l]isting Gross Disability Benefit and other income benefits without identifying where COLA adjustment is placed in the sequence creates, at a minimum, ambiguity" which must be interpreted against LINA, the drafter of the agreement. (Doc. 16 at 8). The Court concludes that Brown's

interpretation is inconsistent with the structure and plain language of the relevant policy provisions, and therefore is not a reasonable interpretation. First, Brown ignores that the only policy provision which mentions the COLA expressly states that the COLA is applied to a claimant's "Disability Benefit." It does not state that the COLA is part of the calculation of the disability benefit. The "Disability Benefit calculation" is separately defined as the sum resulting after completing the calculation set forth in the "Disability Benefit calculation." Second, the "Disability Benefit calculation" provision requires that the gross benefit be offset by other income. The calculation does not mention application of the COLA. The logical inference is that the COLA was intentionally not included because it is not part of the "Disability Benefit calculation."

For the foregoing reasons the Court concludes that the structure and wording of the relevant policy provisions support LINA's interpretation of the policy, that the COLA calculation is not part of the disability benefit calculation, and the COLA is applied to the net benefit. The Court further finds that the failure to mention the COLA in the disability benefit calculation definition does not create an ambiguity. It reinforces the conclusion that the COLA application is separate from the determination of the disability benefit.[3] Consequently, the Court concludes that Brown's complaint fails to state a claim.

**II. Denial of Leave to Amend**

"A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Brown does not request leave to amend her complaint, however, and amendment could not cure the defect. As the terms of the policy are not subject to change, amendment would be futile.

---

[3] Brown argues that she should be permitted to conduct discovery because it "may reveal additional information of why there is silence on this point [the order of the calculation]" or contradict LINA's claim that there is no written instruction or policy on this point. (Doc. 16 at 7). Discovery of an instruction or policy, however, would not change the governing contract terms, which are unambiguous. *See U.S. Airways, Inc. v. McCutchen*, 569 U.S. 88, 102 (2013) (where the words of a plan leave gaps, a court must "look outside the plan's written language" to decide what an agreement means). There are no gaps here to fill.

**CONCLUSION**

Accordingly, IT IS ORDERED:

1. Defendant's Motion to Dismiss (Doc. 10) is GRANTED.

2. The Clerk of Court shall dismiss this action with prejudice and close the file.

Dated this 14th day of August, 2019.

Honorable Jennifer G. Zipps
United States District Judge